UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN HOLMES, JR.,

      Plaintiff,

v.                                        CASE NO. 8:21-cv-2803-SDM-TGW

NATALIA ILLICH-HAILEY,
and SHANTE DEAN,

      Defendants.

_____/

## **ORDER**

Appearing *pro se* and requesting damages totaling $10,000,000, John Holmes alleges that Shante Dean, a Clearwater police officer, and Natalia Illich-Hailey, Dean's supervisor, arrested and strip searched Holmes without probable cause. Dean and Illich-Hailey move (Doc. 105) for summary judgment.  Holmes responds (Doc. 106) in opposition.  Observing that Holmes's response includes assertions of fact that appear unsupported by citations to any material in the record, a February 23, 2024 order gives Holmes notice of the requirements for a response to a motion for summary judgment and permits Holmes to amend the response.[1]  Holmes amends (Doc. 110) his response.

_____

[1] Because the copy of the order that was mailed to Holmes was returned, the clerk mailed the copy of the order to a different address reported by Holmes, and a later order extended through March 26, 2024, the time within which Holmes could amend his response.

## BACKGROUND

On February 4, 2020, Dean saw Holmes speaking with a "known drug user" and suspected that Holmes was "about to engage in a drug deal."  (Doc. 99 at 2; Doc. 99-1 at 10)  Dean believed that Holmes was smoking a marijuana cigarette. When Holmes spotted Dean, Holmes "shoved his hand down by his groin area" and hurried into a nearby convenience store.  (Doc. 60 at 4; Doc. 99 at 2; Doc. 99-2) Dean entered the convenience store to find Holmes, who tried to walk by Dean and exit the store.  Dean stopped Holmes and smelling marijuana conducted a "pat down search" of Holmes.  (Doc. 60 at 4; Doc. 99 at 2; Doc. 99-1 at 10–11)  Dean found nothing during the "pat down search," but Dean reviewed video from one of the store's surveillance cameras.  The video showed that while he walked around the store Holmes pushed one arm down the front of his pants.  (Doc. 99 at 2; Doc. 99-2)

Dean reported his observations to Illich-Hailey, who authorized Dean to transport Holmes to a holding cell and to strip search Holmes.  (Doc. 99 at 2; Doc. 99-3)  Dean strip searched Holmes and found crack cocaine and a marijuana cigarette.[2]  (Doc. 99 at 3; Doc. 99-1 at 11; Doc. 99-4 at 1)  Several months later, the assistant state attorney declined to prosecute the criminal action against Holmes and entered a *nolle prosequi*.  (Doc. 95-1)  Holmes falsely accused Dean of sexually battering Holmes during the strip search, but Holmes pleaded guilty to violating Section 794.011, Florida Statutes, by falsely accusing Dean of sexual battery.  (Doc. 105-1)

---

[2] Holmes submits (Doc. 101-1 at 5) a negative drug test from February 6, 2020.

Holmes asserts against Dean and Illich-Hailey a Section 1983 claim based on Holmes's arrest and consequent strip search.

## ANALYSIS

Dean and Illich-Hailey enjoy qualified immunity unless they violated one of Holmes's "clearly established" constitutional or statutory rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007). An arrest without probable cause violates the Fourth Amendment, but an arresting officer enjoys qualified immunity if the officer "had 'arguable probable cause,' that is, where 'reasonable officers in the same circumstances and possessing the same knowledge as the [d]efendants could have believed that probable cause existed to arrest' the plaintiff[]." *Wilkerson v. Seymour*, 736 F.3d 974, 977–78 (11th Cir. 2013) (quoting *Redd v. City of Enterprise*, 140 F.3d 1378, 1382 (11th Cir. 1998)). Further, "a person stopped on probable cause may be searched fully." *United States v. Hyppolite*, 609 Fed. Appx. 597, 605 (11th Cir. 2015) (quoting *United States v. Childs*, 277 F.3d 947, 952 (7th Cir. 2002)); *see also United States v. Robinson*, 414 U.S. 218, 228 (1973).

"Probable cause exists if the totality of the circumstances known to the [arresting officer] could persuade a reasonable officer that there is a 'substantial chance of criminal activity' by the person who is arrested." *Davis v. City of Apopka*, 78 F.4th 1326, 1334 (11th Cir. 2023) (citing *D.C. v. Wesby*, 583 U.S. 48, 57 (2018)). Probable cause "is not a high bar." *Kaley v. United States*, 571 U.S. 320 (2014). Rather, probable cause "requires only a probability or substantial chance of criminal activity, not

- 3 -

an actual showing of such activity." *Paez v. Mulvey*, 915 F.3d 1276, 1286 (11th Cir. 2019).

Some decisions identify facts that militate strongly in favor of a conclusion that an officer had probable cause. For example, "[t]he smell of marijuana alone may provide a basis for reasonable suspicion for further investigation of possible criminal conduct." *United States v. Gerald*, 696 Fed. Appx. 980, 981 (11th Cir. 2017) (citing *United States v. White*, 593 F.3d 1199, 1203 (11th Cir. 2010), and citing *United States v. Griffin*, 109 F.3d 706, 708 (11th Cir. 1997)). An officer's reasonable belief that a person was involved in a drug deal supports a finding that the officer had probable cause to arrest the person. *United States v. Warren*, 459 Fed. Appx. 812, 816 (11th Cir. 2012). Further, in "combination with other facts and circumstances," a suspect's attempting to elude a police officer supports a determination that an officer had probable cause to arrest a suspect. *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995); *Tom v. Voida*, 963 F.2d 952, 960 (7th Cir. 1992).

Even construed favorably to Holmes, the facts establish that Dean had probable cause to stop, search, and arrest Holmes. The record confirms that Dean stopped, searched, and arrested Holmes because Dean smelled marijuana on Holmes, because Dean believed that Holmes was selling drugs, and because Holmes attempted to elude Dean. These facts reasonably suggested to Dean that Holmes likely engaged in some criminal activity. Consequently, Dean had probable cause to stop, search, and arrest Holmes.

Holmes contends that, even if Dean had probable cause for the "pat down search," Dean's finding nothing during the search "dispelled" probable cause. Holmes concludes that because probable cause "was dispelled" Dean's transporting Holmes to the police station and strip searching Holmes was unconstitutional.  But this argument ignores the facts available to Dean when he arrested Holmes.  After the "pat down search," Dean viewed a surveillance video that appeared to show Holmes secreting something in the front of his pants.  (Doc. 99-2)  This observation, which Dean considered together with the facts that established probable cause for the initial stop and search, informed Dean that Holmes likely concealed some contraband in his pants.  Consequently, the "totality of the circumstances" confirms that Dean had arguable probable cause to arrest and strip search Holmes despite Dean's finding no contraband during the initial search.

Because Dean had arguable probable cause to stop, search, and arrest Holmes, Dean and Illich-Hailey enjoy qualified immunity.  The defendants' motion (Doc. 105) is **GRANTED**.  The clerk must enter a judgment for Shante Dean and Natalia Illich-Hailey and must close the case.

ORDERED in Tampa, Florida, on March 28, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE